# H. DON CASTEEL
## v.
## FRANK MILLISON.

*Practice—Evidence.*

1. It is improper to allow written evidence of a damaging character to go to the jury after the arguments are closed, and without the opposite party having an opportunity to examine the same, or offer anything in explanation or rebuttal thereof.

2. If the cross-examining counsel in a given case, after putting a paper in the hands of a witness, asks only as to its identity, his adversary will have no right to see the same; but if the same be used for the purpose of refreshing the memory of the witness, or if any questions be put regarding its contents, a sight thereof may then be demanded.

3. The marking of such paper as an exhibit in the presence of the opposite party by the stenographer in the case, does not operate to make the same evidence, or require the opposite party to then enter an objection to its being so marked.

## [Opinion filed June 25, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. W. KNOX HAYNES, for appellant.

The court erred in allowing the jury, over defendant's objection, to inspect a book containing matter bearing upon

the issue at bar, which book was not introduced in evidence
and the inspection of which was refused to the defendant's
attorney.

It is submitted that the submission to the jury, for their con-
sideration, of any written evidence, of which inspection by
opposing counsel is denied, is unquestionable error.

"It has been ruled that when documentary evidence is
offered, each piece should be presented by itself to the presid-
ing judge, exhibited, if desired, to the opposing counsel,
identified by the court stenographer," etc.   1 Thompson on
Trials, 818.

Campbell, J., in DeWitt v. Prescott, 51 Mich. 298, says:
"When one of the plaintiff's witnesses was on the stand,
defendant, during cross-examination, undertook to prove by
him certain documents, which counsel for plaintiff was not
allowed to see, but which were afterward read as having been
proved; this was, we think, erroneous.   There may be no
objection to proving documents at one time rather than
another, if the opposing party consents.   But there is no case
where a witness proving an instrument should not be subject
to immediate cross-examination, which could never be effective
without the view of the document itself, not only to guard
against forgeries or substitution, but also to inform parties
what issues were likely to arise concerning genuineness, or
any other fact which is material.   Our rules in equity cases
have done away with proof of instruments at the hearing, for
the reason that there was always danger of surprise and
imposition.   But there was never any practice which deprived
parties of the right to inspect and cross-examine in season."

"If the cross-examining counsel after putting a paper in the
hands of a witness, merely asks as to its identity, his adver-
sary will have no right to see the document; but if the paper
be used for the purpose of refreshing the memory of the
witness, or if any question be put regarding its contents, a
sight of the document may then be demanded by the opposite
counsel."   2 Taylor on Evidence, page 1242, Sec. 1307, 1452.

The refusal to allow inspection must be followed by the
presumption that the said inspection would have disclosed

matter which would operate against the plaintiff, which otherwise would not be apparent to the jury.

And it is error to deny this right.   1 Thompson on Trials, Sec. 2, p. 402; Com. v. Jeffs, 131 Mass. 5; Com. v. Haley, 13 Allen, 587.

Mr. JOHN N. JEMISON, for appellee.

Counsel for appellee cites the case of DeWitt v. Prescott, 51 Mich. 657, in support of his right to see the book at that time, but appellee submits, that case, while good law for a case it fits, is not applicable to the case at bar.

Here the witness' own handwriting is shown him for identification merely, and no question of its contents offered.   The appellant (defendant below) identifies his own signature, so no "forgery or substitution" could be intended.

Counsel for appellee has been unable to find Com. v. Jeffs, in 131 Mass. 5.

The case, Com. v. Haley, 13 Allen, 587, the ingenuity of counsel for appellee is unable to see its applicability to the case at bar.

WATERMAN, J.   Upon the trial of this cause, the plaintiff, upon cross-examination, testified as follows:

A.   He (Casteel) asked me to take them (Casteel's books) home.   He says, "I am in debt; the fact is, I am going to fail;" * * * and I took the books home and figured it up and brought them back to him, and he figured it over and found a mistake of $19, which left $258.60 coming to me according to Mr. Casteel's own statement.

Q.   Did you figure it up in a little book?

A.   Yes; in a little book I had.

Q.   Where is that little book?

A.   I gave it to my attorney.

Q.   I would like to see that book.   (To plaintiff's attorney, Mr. Jemison.)   Have you the book?

Mr. Jemison: It is right here in my pocket.

Mr. Haynes: Produce it.

Mr. Jemison: We haven't had notice to produce any book.

Mr. Haynes: You have it here, and I give you notice to produce it now.

Mr. Jemison: You can't have it.

Mr. Haynes: I move that the testimony regarding this transaction which appears in the book be stricken out from the record then.

The Court: Overruled.

Mr. Haynes: Save an exception.

Q. Now, isn't it a fact that this alleged balance that you claim is due you, you and Mr. Casteel figured up in order to keep some creditors from levying an execution on that shop?

Mr. Jemison: I object.

The Court: Objection sustained.

Mr. Haynes: Allow us an exception.

The question was a proper one and the witness should have been required to answer the same; he had testified in effect that he and the defendant had figured up the amount due to him, at a certain sum, and had put it down in a book which he had in court, but refused to permit the defendant's counsel to examine; the defendant was insisting that this figuring up was a mere sham and pretense between him and appellee, and he had a right to inquire of the plaintiff as to this.

Afterward, the defendant being upon the stand as a witness on cross-examination, the following occurred between him and counsel for appellee:

Q. Whose handwriting is that?    (Showing book " A A.")

A. Mine!    Mine!

Q. Did you add up these figures?

A. No, Frank added them and I wrote them.

Q. You wrote them down, they were all right?

A. Yes sir, that's what I done.

Mr. Haynes: Are you going to introduce that in evidence? If so, I want to look at it.    (Referring to book "A A.")

Mr. Jemison: You can't look at it.

Mr. Haynes: I object to any further examination on that account until introduced in evidence.

After close of taking testimony, and after argument to the jury had been completed by defendant and plaintiff respect-

Casteel v. Millison.

.ively, a certain book marked "A A" and "B," then in the hands of counsel for plaintiff, was offered to the jury by counsel for plaintiff, whereupon Mr. Haynes, counsel for defendant, objected as follows:

Mr. Haynes: That book can not go to the jury; it has not been offered in evidence.

Mr. Jemison: I wish this book to go to the jury, although it has not been regularly introduced in evidence.

The Court: Let it go in.

Mr. Haynes: I object to its going in at this time. I object to offering any evidence after the close of arguments.

The Court: Let it go in.

Mr. Haynes: Save me an exception.

The book contained what appeared to be an account of appellee with appellant, which ended with the following:

"Total $277.60 due.

June 1, 1889.

H. D. Casteel."

Thus, written evidence of the most damaging kind was permitted to go to the jury after the arguments were closed, and without appellant having either an opportunity to examine the same or to offer anything in explanation or rebuttal thereof. This was clearly error.

The rule is, that if the cross-examining counsel, after putting a paper in the hands of a witness, merely asks as to its identity, his adversary will have no right to see the document; but if the paper be used for the purpose of refreshing the memory of the witness, or if any question be put regarding its contents, a sight of the document may then be demanded by the opposite counsel. 2 Taylor on Evidence, Sec. 1452.

It is believed to be without exception the right of a party, before a paper has been introduced in evidence, to examine it. We are aware of no case in which it has been held proper to allow written evidence to go to a jury which the party against whom it is offered has been refused an opportunity to examine.

The marking, in the presence of appellant, of the Exhibit "A A" by the stenographer, did not, as suggested, make it evi-

dence or require appellant then to enter an objection to its being so marked.

Counsel for appellant, when it was proposed that the jury be permitted to take it, objected and excepted to the ruling of the court.

This evidence having been introduced, appellant was clearly then entitled to explain or rebut the same; this he was not permitted to do; if the evidence had been merely formal, or of something concerning which there was not a manifest and serious dispute, or of something of trifling consequence, and from which we could see nothing prejudicial to appellant had arisen, the permitting of this evidence to go to the jury might be passed over, as a court is vested with a large discretion as to the time when evidence may be received; but damaging as this evidence in its nature was, and received after the party offering it had upon the trial refused to allow his opponent to examine it, we think that the court should not at this stage have permitted it, over the objection of appellant, to go to the jury without giving to him an opportunity not only to examine, but also to reply to it.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*