Clark Oil and Refining Corporation, Appellee, *vs.* The City of Evanston, Appellant.

*Opinion filed September 22, 1961.*

Rex A. Bullinger, Corporation Counsel, of Evanston, and Ross, McGowan & O'Keefe, of Chicago, (Richard F. Babcock, Russell A. Behrens, and R. Marlin Smith, of counsel,) for appellant.

Howard, Howard & Hofert, of Chicago, (Marshall S. Howard and Edward C. Hofert, of counsel,) for appellee.

Mr. Justice House delivered the opinion of the court:

A judgment order of the circuit court of Cook County declared void the zoning ordinance of the city of Evanston in so far as it classifies the subject property in a residential

use district. The city appeals to this court, the trial judge having certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal.

The property is located at the southeast corner of the intersection of Emerson Street and Ashland Avenue in the city of Evanston. It has 176 feet of frontage on Emerson and 76 feet of frontage on Ashland. It is improved with a two-story building and is classified "C" two-family residence. Title to the property is held in trust by the First National Bank of Evanston.

In March, 1959, Clark Oil and Refining Corporation entered into a contract with Max Goldberg to purchase the property provided it was rezoned to permit the use of the premises for a gasoline service station. Goldberg then obtained an option to purchase the property from the bank and an application was filed for a variation which would permit the intended use. The city refused to grant the application and Clark Oil then instituted this action.

The first question is whether the plaintiff has standing to maintain this action questioning the validity of the ordinance.

While zoning is primarily a legislative function, it is, nevertheless, subject to review by the courts for the purpose of determining whether the power, as exercised, involves an undue invasion of constitutional rights without reasonable relation to the public welfare. (*Jacobson* v. *City of Evanston,* 10 Ill.2d 61; *People ex rel. Joseph Lumber Co.* v. *City of Chicago,* 402 Ill. 321.) The person attacking the validity of an ordinance must be prepared to show, however, that he has sustained, or is immediately in danger of sustaining, some direct injury as the result of its enforcement. *Garner* v. *County of Du Page,* 8 Ill.2d 155; *Du Bois* v. *Gibbons,* 2 Ill.2d 392; *Golden* v. *City of Flora,* 408 Ill. 129; *City of Chicago* v. *Rhine,* 363 Ill. 619; *Ex-Cell-O Corp.* v. *City of Chicago,* (7th cir.) 115 F.2d 627; see also

cases cited in I.L.P. Cities, Villages, *etc.* sec. 147, and Constitutional Law, sec. 41.

When the validity of a zoning ordinance is questioned, the plaintiff is generally the land owner whose right to use his land in an otherwise lawful manner has been, or is in immediate danger of being, restricted by enforcement of the ordinance. Thus, the issue usually presented is whether this restraint on his right to use his property in an otherwise lawful manner bears a substantial relation to the public health, safety, morals or general welfare. (See *State Bank and Trust Co.* v. *Village of Wilmette,* 358 Ill. 311; *City of Aurora* v. *Burns,* 319 Ill. 84; *Village of Euclid* v. *Ambler Realty Co.* 272 U.S. 365, 71 L. ed. 303.) In this case, however, plaintiff does not have a possessory interest entitling it to use of the subject premises for business or any other purpose.

While the plaintiff does not specifically argue that its use of the premises has been restricted, it does, interestingly enough, argue that the ordinance prevents it from engaging in a lawful business there. We fail to see how the plaintiff can acquire a right to engage in business on a certain piece of property without first acquiring a right to use that property. As we have mentioned, the plaintiff has not shown that in the absence of the ordinance it is entitled to the use of the premises for business or any other purpose. Thus, enforcement of the ordinance can have no immediate effect on its alleged right to engage in a lawful business on the subject premises. The only right that the plaintiff has with respect to the premises is the right to purchase the property for a stated sum during a stated period. Enforcement of the ordinance does not interfere with this right.

Furthermore, the plaintiff is not in any immediate danger of sustaining any financial loss because the purchase contract is contingent upon the property being rezoned to permit its use for a gasoline service station. It is true that plaintiff has expended sums of money on the litigation, but

this expenditure is attributable to plaintiff's decision to attack the validity of a presumptively valid ordinance and is not attributable to the ordinance. It is apparent that costs incurred while attacking the validity of an ordinance cannot be considered in determining whether a person's interest is sufficient to maintain standing to question the validity of that ordinance.

Plaintiff further contends that an interest which is sufficient to give a party standing to apply for an amendment or variation should be held to be sufficient to give a party standing to challenge the validity of a zoning ordinance. Without deciding whether plaintiff has sufficient interest to seek an amendment or variation, its contention is answered by the fact that there is a material difference in the interest required to question the validity of a zoning ordinance and the interest required to petition a local legislature. In *Ex-Cell-O Corp.* v. *City of Chicago,* 115 F.2d 627, the United States Court of Appeals, Seventh Circuit, in commenting on the power of courts to determine whether a constitutional provision is transcended by a legislative act or the administration thereof, pointed out at page 629: "This power of judicial determination is delicate in character, one to be exercised with caution and care, for it may result in disapproval of acts of the legislative department or of actions of the executive department, both co-ordinate branches of the government. * * * Obviously such determination may not be had at the suit of any and all members of the public or in an *ex parte* proceeding. It can be secured only at the suit of one directly and not remotely interested."

It is finally argued that plaintiff has standing to maintain this action by virtue of section 57.1 of the Civil Practice Act, (Ill. Rev. Stat. 1959, chap. 110, par. 57.1,) which authorizes actions for declaratory judgment. Plaintiff points out that under this section anyone interested in an actual controversy may maintain an action for a declaratory judgment and the court in declaring the rights of the parties is

authorized to construe any municipal ordinance. It concludes that since the section does not specifically require a showing of an ownership or proprietary interest in real estate before a declaration of rights under an ordinance affecting the real estate can be had, it can maintain this action. A showing of an ownership or proprietary interest is not specifically required; however, the section does require that the action be maintained by a person interested in an actual controversy. Here the controversy is whether enforcement of the zoning ordinance is constitutional as applied to the subject premises. As we have indicated, the plaintiff has, at present, no interest which is sufficient to bring the constitutionality of the zoning ordinance into actual controversy.

For the reasons hereinbefore stated, the plaintiff does not have standing to maintain this action, anything in *Gulf Oil Corp.* v. *Village of Melrose Park,* 21 Ill. App. 2d 125, to the contrary notwithstanding. Because of this holding, it is unnecessary to review other questions raised. The judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*