First National Bank & Trust Co., etc., as Trustee Under Trust No. R830, Plaintiff-Appellee, v. City of Evanston, a Municipal Corporation, Defendant-Appellant.

Gen. No. 49,615.

First District, Third Division.

November 19, 1964.

Rehearing denied December 10, 1964.

Jack M. Siegel, Corporation Counsel, and Russell A. Behrens, Assistant Corporation Counsel, of Evanston, for appellant.

Howard, Howard & Hofert, of Chicago (Marshall S. Howard, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from a declaratory judgment in which the zoning ordinance of the city of Evanston as applied to a corner lot at the intersection of Emerson Street and Ashland Avenue was declared to be unreasonable, unconstitutional and void. The defendant appealed directly to the Supreme Court. The Supreme Court transferred the case to the appellate court on the grounds that it did not present such a substantial question arising under the Constitution of the United States or this State as would justify a direct appeal to that court. First Nat. Bank & Trust Co., Trustee v. City of Evanston, 30 Ill2d 479, 197 NE2d 705.

One of the questions presented to this court is whether the existing zoning ordinance has been shown to impose a hardship on the property owner.

The subject property has a frontage of approximately 176 feet on Emerson Street and 76½ feet on Ashland Avenue. At the time of the trial it was improved with a two-story residence which was not occupied because the beneficial owner failed to make repairs required by the city in order to make it habitable.

The property was purchased in 1958 for $3,000 subject to $3,000 in liens and a $3,000 mortgage. It is in an R-3 Two Family Residence District under the terms of the 1960 Zoning Ordinance of the city of Evanston. In such districts single family detached dwellings and two-family dwellings are permissible.

322

The evidence adduced by the plaintiff indicated that there was a sale of the subject property from the beneficial owner, first, to an individual by the name of Max Goldberg and then from Max Goldberg to Clark Oil and Refining Corporation. Of course, if there has been a sale of the property to Max Goldberg, which sale carried with it the right of use and possession of the premises, the plaintiff would have no standing to bring the action. However, we believe that when the witness referred to "sales" he was referring to a contract of sale entered into between Max Goldberg and Clark Oil and Refining Corporation, provided the property was rezoned to permit the use of the premises for a gasoline filling station and to an option held by Max Goldberg to buy the premises from the owner. We arrive at this conclusion from the oral arguments of counsel and the decision of the Supreme Court in a prior case involving the same property. Clark Oil and Refining Corp. v. City of Evanston, 23 Ill2d 48, 177 NE2d 191. On page 49 of the Clark Oil and Refining Corporation case the Supreme Court said:

"In March, 1959, Clark Oil and Refining Corporation entered into a contract with Max Goldberg to purchase the property provided it was rezoned to permit the use of the premises for a gasoline service station. Goldberg then obtained an option to purchase the property from the bank and an application was filed for a variation which would permit the intended use. The city refused to grant the application and Clark Oil then instituted this action."

The record does not disclose the date or details of these contracts because the plaintiff objected when the defendant sought to bring out the facts concerning

them and the trial court sustained plaintiff's objections.

The Supreme Court in Clark Oil and Refining Corp. v. City of Evanston, supra, held that Clark Oil, being a mere contract purchaser on condition the zoning was changed to permit the use of the premises for a gasoline service station, did not have a possessory interest which entitled it to the use of the subject premises for business or any other purpose.

Evidence was introduced as to the value of the premises under the present zoning ordinance which varied from $7,600 to $12,500, depending upon whose witnesses were testifying as to value. There was also testimony that the property for filling station purposes was worth from $25,000 to $35,000. The present use of the property in the neighborhood was shown, together with testimony as to the highest and best use to which the subject property might be put. Defendant produced witnesses who indicated that properties for a distance of 1½ blocks in all directions would depreciate in value by 20% if a gasoline filling station were installed at this corner.

The evidence further showed that the plaintiff applied for a variation from the zoning ordinance to permit the subject property to be used as a gasoline service station. The Zoning Board of Appeals recommended a denial of the variation, and the city council concurred in the recommendation and denied the variation. Evidence was also introduced to the effect that a variation had been granted by the city of Evanston for a parking lot across the street and a block to the south of the subject property, and that the city of Evanston had granted another variation for the construction and operation of a Mobile Oil gasoline service station on the corner of Emerson Street and Wesley Avenue, less than one block to the east of the subject property. The evidence further showed that

324

considerable money had been spent in the immediate neighborhood in remodeling some existing residence buildings, and that several new homes had been constructed within the last few years.

During the course of the trial the defendant sought to bring out the sales price of the property under the contract existing between Bryant, the beneficial owner, and Max Goldberg. The plaintiff objected to this testimony and the objection was sustained by the trial court. This evidence was vital to the plaintiff's case, but since plaintiff objected to it, plaintiff cannot now complain of the court's ruling. The defendant also sought to bring out the terms of the contract between Max Goldberg and Clark Oil and Refining Corporation. Again an objection was urged by the plaintiff and was sustained by the court.

It is a well established rule of law that a person who seeks to attack the validity of an ordinance is required to show that he is sustaining or is in danger of sustaining some hardship or injury as the result of the enforcement of the ordinance. Clark Oil and Refining Corp. v. City of Evanston, 23 Ill2d 48, 177 NE2d 191, and cases therein cited.

The record in this case nowhere indicates that the plaintiff is in danger of sustaining, or will sustain any injury or hardship as the result of the existing ordinance. There is no evidence as to the consideration that would pass to the plaintiff if the zoning ordinance were to be declared invalid. The owner of the property, it must be remembered, is not selling the property to Clark Oil and Refining Corporation, and apparently would not receive the value attributed to the property for a gasoline filling station. Max Goldberg would purchase the property if the zoning ordinance is held void. There being nothing in this record to indicate the consideration which the owner would receive in the event the zoning ordinance was

325

declared void, it cannot be said that the owner had been injured or is about to suffer injury or hardship. The option agreement held by Goldberg may recite a consideration no greater than the fair cash market value of the subject property as presently zoned. If this be true, how can it be said that the plaintiff is suffering any loss because of the existing ordinance? We cannot speculate as to this most vital issue. From the facts disclosed by this record it may be that Goldberg is the one who stands to suffer hardship. But Goldberg is not the owner, is not a party to this case and would have no more standing to question the validity of the zoning ordinance than did the Clark Oil and Refining Corporation in its case against the city of Evanston.

█ It has also been held in numerous cases that one of the elements to be considered is the gain to the public as compared with the hardship to the individual owner. La Salle Nat. Bank of Chicago v. City of Chicago, 5 Ill2d 344, 125 NE2d 609; Garner v. City of Carmi, 28 Ill2d 560, 192 NE2d 816; Exchange Nat. Bank of Chicago v. Cook County, 25 Ill 2d 434, 185 NE2d 250; Liberty Nat. Bank of Chicago v. City of Chicago, 10 Ill2d 137, 139 NE2d 235. The property owner in this case has failed to show that it will sustain any hardship by the enforcement of the ordinance.

Judgment reversed.

SCHWARTZ, P. J. and DEMPSEY, J., concur.