HAZDRA HOMES, INC., Plaintiff-Appellee, *v.* THE COUNTY OF DU PAGE, Defendant-Appellant.—(EDWARD S. BISHOP, JR., *et al.*, Intervenors-Appellants.)

(No. 72-346;

Second District (1st Division)—April 16, 1975.

686

John J. Bowman, State's Attorney, of Wheaton (Frank J. Petru, Assistant State's Attorney, of counsel), for appellant Du Page County.

Hooper, Bowers, & Carney, of Downers Grove, and Arthur H. Anderson, of Tenney & Bentley, of Chicago, for appellant Edward S. Bishop.

Frank S. Righeimer, Jr., and Terrence R. Berwanger, both of Righeimer, Righeimer, & Martin, of Chicago for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

On April 5, 1972, the plaintiff, Hazdra Homes, Inc., filed a complaint for declaratory judgment asking the trial court to declare the Du Page County Zoning Ordinance void and unconstitutional as applied to the property therein described. By leave of court the property owners adjacent to, or in the nearby vicinity of, the proposed planned-unit development were permitted to intervene. The trial court, sitting without a jury, held that the zoning, as it applied to the property in question, was unconstitutional and that a special-use permit should be issued by the County of Du Page authorizing the planned-unit development on the property in question and enjoined the County of Du Page and the intervenors herein from interfering with the plaintiff's use of the property as a planned-unit development. Both the County of Du Page and the intervenors have appealed.

The issues presented are: (1) whether the trial court erred in the admission of a certain document or documents into evidence; (2) whether the plaintiff had standing to maintain the action; and (3) whether condemnation of approximately two-thirds of the subject property during the pendency of this appeal renders this appeal moot. We find, as will be hereinafter detailed, that (1) the trial court committed reversible error in admitting a certain exhibit into evidence; (2) that the plaintiff failed to show by the proofs adduced at trial that it had an

interest in the subject property sufficient to entitle it to maintain this action; and (3) that the subsequent condemnation of a substantial portion of the subject property renders issues concerning the judgment of the trial court as it relates to that portion of the property moot.

The complaint alleged "[t]hat the plaintiff, Hazdra Homes, Inc., at all times mentioned herein, was the owner of or the purchaser under a valid enforceable contract  *  *  *" of the therein described property consisting of approximately 140 acres. While the acreages involved herein are not entirely clear from the instant record, plaintiff offered evidence at trial that it held title to, a contract to purchase, or had a possessory interest in 47 or less of the total acres involved. As to the remainder, the record indicates that plaintiff was an optionee under an option contract with the Egermanns, the owners of that portion of the property covered by the option. By its terms, the option had expired on June 1, 1970, almost 2 years prior to the filing of this lawsuit. While no evidence of its extension or execution was introduced at trial, it appears, as noted below, that the option had in fact been extended and executed prior to trial.

■■ During oral argument it was brought to this court's attention that two other suits involving the subject property, or a portion thereof, had taken place since the filing of the appeal herein. One of these suits was brought by Hazdra Homes, Inc., against the optioners, the Egermanns, for specific performance of the option agreement noted above. We are urged not to take judicial notice of this suit and the decree therein awarding specific performance. We feel somewhat like the ostrich with its head in the sand in that we know what happened but can't consider it. It so happens that, in view of the opinion expressed herein, the specific performance suit and the resulting decree have no bearing upon our decision one way or the other. The second suit was brought by the Forest Preserve District of Du Page County seeking the condemnation of 91.515 acres of the subject property. A decree by stipulation was entered into by the Forest Preserve District, as petitioner, and Hazdra Homes, Inc., and the Egermanns, the owners and optionors under the above option agreement, among others, as defendants, whereby the Forest Preserve District paid the sum of $1,235,452.50 for the 91.515 acres. With regard to judicial notice of this condemnation proceeding, we do not find that we may not take judicial notice thereof. As the court stated in *Carnes v. Carnes* (1948), 333 Ill.App. 316, 320, 77 N.E.2d 341, 343:

> "The rule that we cannot admit evidence in this court (*Atkins v. Atkins*, 393 Ill. 202) should not be applied to produce absurd results or injustice."

Were we to ignore the condemnation proceeding, and were we to affirm the trial court, we would be approving the inapplicability of the Du Page County zoning as applied to two-thirds of the property no longer owned by the plaintiff but now a part of the Du Page County Forest Preserve District.

We now return to the lawsuit involved in this appeal. Prior to trial the intervenors had served notice on the plaintiff to produce "all deeds, contracts or other documents which evidence any right, title or any interest in the plaintiff to the real property which is the subject of this cause." Pursuant thereto, certain documents were produced and admitted into evidence. However, the above-mentioned contract to purchase and/or the option agreement were not produced or shown to the defendant or the intervenors. After the admission of certain documents, the intervenors remonstrated that the plaintiff had not furnished the contracts plaintiff might possess regarding the purchase of the property which was referred to by counsel for the plaintiff as "Plaintiff's Rebuttal Exhibit" and also marked "Defendant Objector's Exhibit No. 7." At this point, counsel for the plaintiff handed the trial court a document or documents which he described as a "duplicate executed contract" and moved the court to substitute a Xerox copy in lieu thereof. The court then stated that counsel for the plaintiff had handed him two different "exhibits." Counsel then withdrew one and made a motion to impound the document, which he referred to as a "contract." Oddly enough, at this point, the trial court refused to allow counsel for the defendant or the intervenors to see the document in question, despite defense counsel's five requests that he be allowed to examine and question the witness, George Hazdra, about the same. At the close of all proofs and after the parties had rested, the following bizarre colloquy took place between counsel for Hazdra Homes, Inc., and the court:

"MR. GORDON: Your Honor, I would like to offer into evidence a document which is marked Defendant Objector's Exhibit No. 7 which is the original Xerox copy thereof of the Hazdra contract and again ask that it be impounded.

THE COURT: Well, do you wish counsel to see it?

MR. GORDON: I would rather not, but I presume that is the proper way to do it.

THE COURT: That's right."

We therefore have the unusual situation of a document marked as "Defendant Objector's Exhibit No. 7" being offered into evidence by plaintiff and being admitted into evidence without affording defense counsel a prior opportunity to examine it or question the witness regarding the same.

The report of proceedings was apparently presented to the trial court for certification on or about December 1, 1972. The intervenors objected to the certification of the report of proceedings because it did not include "Defendant Objector's Exhibit No. 7." "Defendant Objector's Exhibit No. 7" was then forwarded to the attorney for the intervenors by the secretary to the trial judge. Upon examination of the same, the attorney for the intervenors found that this exhibit included not only a real estate sales contract but also a second document entitled "Real Estate Option Contract." The latter document covered the option to purchase the 90 odd acres comprising the remainder of the property not included in the real estate sales contract or owned by George and Joseph Hazdra. The attorney for the intervenors telephoned the attorney for the plaintiff and advised him that both documents had been included in the exhibit. The attorney for the plaintiff requested the attorney for the intervenors to return the option agreement to him, which was done by mail the following day. On January 23, 1973, the trial court certified that the report of proceedings and exhibits thereto were true and correct, including "Defendant Objector's Exhibit No. 7," consisting of only a contract to purchase between the Egermanns and Hazdra Homes, Inc.

Based upon the record as certified by the trial court, the defendant County of Du Page and the intervenors filed their respective briefs with this court on June 8, 1973. Nonetheless, about 5 months after the record had been certified, on June 26, 1973, plaintiff filed a verified petition with the trial court alleging:

> "[T]hat in the trial of the above cause a real estate contract and *a real estate option contract* were tendered to this court by the plaintiff and marked as 'defendant objector's Exhibit 7'." (Emphasis added.)

Plaintiff asked the court to add the option agreement to the record on appeal. The trial court, on June 26, 1973, entered an order which found that counsel for the intervenors had returned the option agreement to plaintiff's attorney "with a cover letter to plaintiff's attorney and knowingly excluded said document as a part of the record, and further that the report of proceedings reflects the admission into evidence of said document." The trial court then entered an order directing that the option contract be included in the record on appeal. It can thus be seen that when the disputed "Defendant Objector's Exhibit No. 7" was handed to the court it would appear that the same consisted of two documents, a contract to purchase a portion of the premises in question and an option agreement. It is, however, difficult to discern from the record what was, in fact, presented to the court, *i.e.*, the option agreement as to part of the property in question or the contract to purchase

a part of the property in question or both. It is to be noted that the option agreement had, in fact, expired under the terms thereof, and at no time was an extension agreement tendered to the court.

■■ It is, however, patent that this exhibit, whatever it may have been, was in the first instance improperly admitted into evidence by the trial court. The document in question was requested by discovery but the same was not produced until it was tendered in open court, at which time the court refused to allow defense counsel to examine the same. Only after the case had been completed was it offered into evidence and then reluctantly shown to counsel for the defendant and the intervenors with no opportunity for them to cross-examine any witness pertaining to the same. This, in itself, constitutes reversible error. It is a fundamental principle of our jurisprudence that a document is not properly admitted into evidence unless a prior opportunity is afforded one's party opponent to examine it. See, *e.g., Casteel v. Millison* (1891), 41 Ill.App. 61.

On June 29, 1973, the intervenors filed a motion in this court, which we have taken with the case, to delete the option contract from the record on appeal. The motion sets forth the facts noted above which led to the inclusion of the option contract in the record following certification. Intervenors argue that it was unfair to allow the option contract to be included in the record and that the procedure to include it was improper. (See Ill. Rev. Stat. 1973, ch. 110A, par. 329.) In light of the result we reach herein, we deem it unnecessary to rule on this motion and accordingly do not do so.

In its order of July 19, 1972, from which this appeal is taken, the trial court found, in part, as follows:

> "That the plaintiff has standing to bring this complaint, the plaintiff being the owner of part of the tract of land which is the subject matter of this suit, and having a firm and undefeasible contract to purchase the remainder of said tract."

We find that the above finding of the trial court is clearly erroneous and not supported by the instant record. Accordingly, that portion of the order of the trial court which finds that the plaintiff has standing to maintain this action is hereby reversed.

■■ A suit to contest the validity of a zoning ordinance is subject to dismissal for lack of standing unless the party or parties who bring the suit can properly show at trial that they have title to, or a possessory interest in the whole of the premises involved. (See *Clark Oil & Refining Corp. v. City of Evanston* (1961), 23 Ill.2d 48, 177 N.E.2d 191.) The sole interest which the plaintiff herein properly established at trial as to the approximately 140-acre parcel described in the complaint was at most that of title to or a contract to purchase approximately 47 acres.

This is clearly insufficient to entitle plaintiff to maintain the instant suit.

■■ Moreover, we find that plaintiff lacked standing to sue despite the fact that plaintiff has, in a later suit after the decree herein as noted above, secured specific performance of the option to purchase the remainder of the premises not condemned by the Forest Preserve District of Du Page County. Evidence sufficient to show that plaintiff has an interest in the premises entitling it to maintain the action must appear in the record of the trial court as a matter of jurisdiction.

In addition to the two grounds for reversal noted above—*i.e.*, the improper admission of evidence and plaintiff's lack of standing, a ground for dismissal of a part of this appeal is presented in this rather unusual case.

■■ As noted above, about two-thirds of the subject property was condemned by the Du Page County Forest Preserve District pending this appeal. The proposed planned-unit development was designed as an integrated plan including single-family homes, townhouses, condominiums, a clubhouse and pool to serve the entire project, water retention basins and equestrian trails. The portion of the property condemned was to have contained the clubhouse and pool and a part of the equestrian trails. The condemnation renders construction of the planned-unit development, as proposed, an impossibility. ( *Cf. La Salle National Bank v. Fitzgerald* (1973), 15 Ill.App.3d 1016, 305 N.E.2d 355.) Questions relating to the constitutionality of the Du Page County Zoning Ordinance as applied to the property condemned have been rendered moot. When a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved, or where the substantial questions involved in the trial court no longer exist, the appeal will generally be dismissed. See *Wheeler v. Aetna Casualty & Surety Co.* (1974), 57 Ill.2d 184, 311 N.E.2d 134, and cases cited therein. Accordingly, the appeal from the judgment of the trial court as it relates to that portion of the subject property which has been condemned is hereby dismissed.

For the foregoing reasons, the judgment of the trial court as it relates to the property described in the complaint which has not been condemned is hereby reversed; and the appeal from that portion of the judgment of the trial court as it relates to the property described in the complaint which has been condemned by the Du Page County Forest Preserve District, as noted above, is dismissed.

Judgment reversed in part; appeal dismissed in part.

SEIDENFELD, P. J., and HALLETT, J., concur.