METROWEB CORPORATION, Plaintiff-Appellant, v. THE COUNTY OF
LAKE, Defendant-Appellee.

Second District No. 84—0052

Opinion filed February 11, 1985.

Sarah R. Wolff, Richard L. Wexler, and Douglas R. Newkirk, all of Sach-
noff, Weaver & Rubenstein, Ltd., of Chicago, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Steven P. Kaiser, As-
sistant State's Attorney, of counsel), for appellee.

JUSTICE REINHARD delivered the opinion of the court:
    Plaintiff, Metroweb Corporation, appeals the dismissal of its com-
plaint for declaratory and injunctive relief against defendant, the
county of Lake. The court below found that plaintiff lacked standing to

maintain the instant suit for equitable relief.

The sole issue on appeal is whether, under the specific terms of its lease, plaintiff as lessee acquired a possessory interest in, and the right to use of, the subject property necessary to maintain an action questioning the constitutional validity of a local zoning ordinance.

Plaintiff, an Illinois corporation, operates a local radio station, WEEF-AM, pursuant to a license granted by the Federal Communications Commission, and currently maintains its antennae facilities on certain property located in Deerfield. After receiving notice of the pending termination of its Deerfield lease, plaintiff found another suitable location for its facilities, within the county of Lake, on property owned by the Illinois State Toll Highway Authority. On September 29, 1982, an agreement labeled "lease," dated September 1, 1982, containing various provisions which detailed the respective rights and obligations of the parties, was executed by plaintiff, as lessee, and the toll authority, as lessor.

Paragraph one of the agreement provided that the toll authority demised and leased the nonexclusive use of the property "for the sole purpose of erecting, maintaining and operating radio broadcast facilities, *** and [for] any other use reasonably necessary to carry out such purpose, as well as any other lawful use permitted by Lessor ***."

Paragraph two provided that "[t]he term of this lease shall commence on the date hereof [September 1, 1982], and shall end on December 31, _____ subject to earlier termination ***" by lessor upon written notice to lessee, "(b) [i]f lessee fails to obtain appropriate approvals from local zoning and building authorities ***."

Paragraph three provided that "Lessee, in consideration of leasing the Premises and for the use and enjoyment of the Premises ***," agreed to pay quarterly rent "commencing [on] the earlier of the first day of the month following receipt of approvals by the authorities mentioned in paragraph 2 hereof or upon Lessee's first day of occupancy of the Premises for the purpose of beginning construction of the facility ***."

The final provision germane to the issue raised on appeal is contained in paragraph 29 and provides that "[u]pon Lessee paying the rental payments required hereunder and observing and performing all of the covenants, conditions and provisions ***, Lessee shall have quiet possession of the Premises for the entire term hereof ***."

On September 7, 1982, plaintiff filed an application for a conditional use permit with the zoning board of appeals of Lake County, requesting that the county's comprehensive zoning ordinance be modified to allow the construction of five radio transmission towers on the toll authority property. Various county departments either recommended

approval of plaintiff's use of the premises or voiced no objection to its application. However, following a public hearing, the zoning board of appeals recommended that plaintiff's application be denied by the county. On July 12, 1983, the county board of Lake County denied plaintiff's application.

Plaintiff then filed a complaint for declaratory and injunctive relief against defendant in the circuit court of Lake County on August 31, 1983. In its complaint, plaintiff alleged that the county's zoning ordinance, as applied to the toll authority property, and the manner in which plaintiff sought to use the premises, was unconstitutional under both the Illinois and United States constitutions. In response, defendant, the county of Lake, moved to dismiss the complaint on the basis that plaintiff lacked standing to bring the action because under the provisions of the agreement, plaintiff was not obligated to pay rent unless the necessary zoning approval was granted by the county and thus, did not have a "possessory interest" in the property. In reaching its decision, the lower court found our supreme court's decision in *Clark Oil & Refining Corp. v. City of Evanston* (1961), 23 Ill. 2d 48, 177 N.E.2d 191, controlling, and on December 14, 1983, it dismissed plaintiff's complaint with prejudice for lack of standing.

■ On appeal, plaintiff contends that it has standing to challenge the constitutionality of the local zoning ordinance, arguing that under the agreement it obtained fully vested rights to construct and operate its antennae facility on the toll authority property. Furthermore, plaintiff asserts that, as a result of defendant's denial of its conditional use permit application, it has sustained the loss of the intended use of the leased property, placing it in immediate danger of being forced off the air.

To have standing to bring an action for declaratory relief, there must be an actual controversy and the party seeking the declaration must be "interested in the controversy" in that it has a personal claim, status, or right which is capable of being affected. (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375-76, 362 N.E.2d 298. See also *Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 450-51, 389 N.E.2d 529.) A party seeking to challenge the enforcement of a zoning ordinance is an "interested party" when it has sustained, or is in immediate danger of sustaining, a direct injury as a result of the enforcement of a particular ordinance. (*Clark Oil & Refining Corp. v. City of Evanston* (1961), 23 Ill. 2d 48, 49, 177 N.E.2d 191.) This requires that a plaintiff either own or have a possessory interest entitling it to the use of the subject premises for business or any other purpose. *Clark Oil & Refining Corp. v. City of Evanston* (1961), 23 Ill. 2d 48, 50, 177 N.E.2d 191. See also *Smith v.*

*County Board* (1980), 86 Ill. App. 3d 708, 713, 408 N.E.2d 452; *Chicago Title & Trust Co. v. Village of Mount Prospect* (1978), 63 Ill. App. 3d 223, 226, 379 N.E.2d 901; *Hazdra Homes, Inc. v. County of Du Page* (1975), 27 Ill. App. 3d 685, 690, 326 N.E.2d 561.

In *Clark Oil & Refining Corp. v. City of Evanston* (1961), 23 Ill. 2d 48, 177 N.E.2d 191, found determinative of the instant dispute by the court below, our supreme court had the opportunity to address an issue substantially similar to the one raised in this appeal. Plaintiff in *Clark Oil* obtained an option for the purchase of certain real estate, provided it was rezoned permitting the premises to be used for a gasoline service station. The local zoning authorities refused to rezone the property and the prospective purchaser instituted an action challenging the constitutional validity of the ordinance. In resolving this dispute, our supreme court held that a party having merely an option to purchase property, contingent upon rezoning, did not obtain the necessary possessory interest in, or right of use of, the premises and therefore lacked standing to maintain the action. *Clark Oil & Refining Corp. v. County of Du Page* (1975), 23 Ill. 2d 48, 50, 177 N.E.2d 191.

Plaintiff maintains that *Clark Oil* is inapplicable under the circumstances of the present case, since an optionee under an executory sales contract does not obtain the right to immediate use or possession of the property. In contrast, plaintiff maintains that as a lessee it is entitled to immediate use of the premises, subject to early termination in the event of nonapproval of its application for a conditional use permit, under the provisions of its agreement with the toll authority. This, plaintiff asserts, confers upon it the requisite "possessory interest" and standing to challenge the Lake County zoning ordinance. See *8930 South Harlem, Ltd. v. Moore* (1979), 77 Ill. 2d 212, 219-20, 396 N.E.2d 1.

We agree that a lessee, under certain circumstances, may obtain a sufficient possessory interest under a lease agreement and thereby standing to protect its interest in the leased premises. The key to a lessee's standing, however, is its right of possession and use of the premises under the provisions of the lease. Thus, in the instant case, we must examine plaintiff's agreement with the toll authority and ascertain what property interests, if any, were conveyed to plaintiff thereunder.

Whether a contract is a lease, conveying a possessory interest in the premises, is not to be determined from the language the parties choose to call it, but rather from the legal effect of its provisions. (See, e.g., *Cook v. University Plaza* (1981), 100 Ill. App. 3d 752, 753, 427 N.E.2d 405; *Jackson Park Yacht Club v. Illinois Department of Local Government Affairs* (1981), 93 Ill. App. 3d 542, 546, 417 N.E.2d 1039.)

The essential requirements of a lease include: a definite agreement as to the extent and bounds of the property; a definite and agreed term; and a definite and agreed rental price and manner of payment. (*Jackson Park Yacht Club v. Illinois Department of Local Government Affairs* (1981), 93 Ill. App. 3d 542, 546-47, 417 N.E.2d 1039.) We find these essential requirements present in the instant case. A lease must also transfer exclusive possession of the demised premises. (*Chemical Petroleum Exchange, Inc. v. Metropolitan Sanitary District* (1980), 81 Ill. App. 3d 1005, 1009-10, 401 N.E.2d 1203; *Urban Investment & Development Co. v. Maurice L. Rothschild & Co.* (1975), 25 Ill. App. 3d 546, 550, 323 N.E.2d 588.) As our supreme court stated in *People ex rel. Korzen v. American Airlines, Inc.* (1967), 39 Ill. 2d 11, 17, 233 N.E.2d 568, "A leasehold consists of the right to the use and possession of the demised premises for the full term of the lease."

Our examination of the instant agreement and its provisions reveals that plaintiff did not obtain a "possessory interest" in the toll authority property. Paragraph 29 indicates that exclusive possession of the premises was not to be conveyed to plaintiff until it began the payment of rent. Paragraph three, however, provides that payment of rent only commences on the earlier of the first day of the month following approval from the local zoning authorities or upon plaintiff's first day of occupancy of the premises. Plaintiff's occupancy of the premises was restricted to the sole purpose of erecting, maintaining and operating radio broadcast facilities according to paragraph one of the agreement. Currently, plaintiff has neither occupied the premises for this limited purpose, nor is it entitled to the use or possession of the premises. Furthermore, plaintiff did not obtain approval of its conditional use permit application and cannot occupy the premises or begin construction of its antennae facility in the absence of such approval.

In short, none of the events triggering plaintiff's exclusive possession and right of use of the property have occurred. Plaintiff has neither incurred any obligations nor obtained any "possessory interest" in the property under its agreement with the toll authority. While plaintiff maintains that, under paragraph one, failure to obtain zoning approval merely invokes a right of termination of the agreement by lessor, we find that the effect of this provision, when viewed in context of the entire agreement, is to create a lease contingent upon the approval of its conditional-use-permit application. Consequently, *Clark Oil* controls the resolution of the instant dispute, and we find that the trial court, recognizing plaintiff lacked any "possessory interest" in the property, properly dismissed the complaint.

■ Plaintiff further argues that defendant's conduct has caused plaintiff to suffer a financial loss in that it may be forced to cease

broadcast operations. We believe, however, that this type of loss is self-induced and does not amount to a financial loss arising from a "possessory interest" in land which would be affected by enforcement of the zoning ordinance as contemplated by our supreme court in *Clark Oil.*

Finally, we find plaintiff's reliance on *Smith v. County Board* (1980), 86 Ill. App. 3d 708, 408 N.E.2d 452, misplaced. In *Smith,* a plaintiff who had an option to purchase certain real estate was granted standing to challenge a zoning ordinance on the basis that he had an equitable interest in the property which had arisen from his payment of $12,000 or $13,000 toward the property's purchase price, expended sums covering the taxes and insurance for a number of years, and had the right to utilize the property for certain purposes. (86 Ill. App. 3d 708, 713-14, 408 N.E.2d 452.) In rendering its decision, the *Smith* court stated: "We do not disagree with defendants that *Clark* is controlling where the plaintiff has an option to purchase and nothing more. However, we believe that plaintiff's actions taken pursuant to the option contract created a bilateral agreement binding him and giving him an equitable interest in the property." 86 Ill. App. 3d 708, 713, 408 N.E.2d 452.

In contrast, plaintiff in the present case has not occupied the subject premises, nor does it have the right to possession and use of the premises, under the agreement with the toll authority, until it obtains approval from the county. Also, plaintiff has not engaged in any other conduct under its agreement with the toll authority which would remotely indicate that plaintiff has any type of equitable interest in the property sufficient, as was present in *Smith,* to meet the standing requirement set forth in *Clark Oil.*

■■ In conclusion, we find that despite the form of the agreement between plaintiff and the toll authority, which on the surface appears to convey a leasehold interest in the property to plaintiff while permitting early termination of that interest if plaintiff does not obtain the necessary zoning approval, in substance, this agreement is no more than a contingent lease. Plaintiff has no present right to use of, or "possessory interest" in, the property. Under these circumstances, we believe that *Clark Oil* is the controlling authority, and, accordingly, we find that plaintiff's complaint was properly dismissed by the trial court for lack of standing.

For these reasons, the decision of the circuit court of Lake County is affirmed.

Affirmed.

UNVERZAGT and SCHNAKE, JJ., concur.