CHICAGO TITLE AND TRUST COMPANY, Trustee, Plaintiff-Appellant, *v.* THE VILLAGE OF MOUNT PROSPECT, Defendant-Appellee.

First District (3rd Division)    No. 76-1037

Opinion filed August 9, 1978.—Rehearing denied September 7, 1978.

Lommen D. Eley, of Eley & Koch, of Chicago, for appellant.

John J. Zimmermann, of Mt. Prospect, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, the Chicago Title and Trust Company as trustee, appeals from an order of the Circuit Court of Cook County dismissing its complaint for declaratory judgment. The complaint challenged the validity of the zoning ordinance of the defendant, the Village of Mount Prospect, insofar as the ordinance restricted the use of real property held by the plaintiff to the construction of single-family residences. Prior to the filing of this action, the plaintiff had filed an application with the Zoning Board of Appeals of the Village of Mount Prospect to rezone the property from RX (single family) to R4 (residential development). The zoning board recommended to the Board of Trustees of the Village of Mount Prospect that the property be rezoned to R4 so as to permit the construction of an apartment building. The board of trustees of the village denied the application on January 21, 1975.

Plaintiff's property is registered under "An Act concerning land titles" (Ill. Rev. Stat. 1975, ch. 30, pars. 45 through 148) (herinafter cited as the Torrens Act). The complaint alleges that at the time the application was pending before the village, the Cook County Registrar of Titles' certificate for this property indicated that the plaintiff owned the entire tract of land. On February 10, 1975, subsequent to the village's denial of the zoning petition, the registrar accepted for registration two documents respecting the North 315 feet of the tract. These documents were a lis pendens and a certified copy of a judgment order, both referring to cause No. 65 L 21407, a condemnation suit in the Circuit Court of Cook County entitled *Trustees of Schools v. Pytlik*. The judgment order was entered on April 21, 1967, awarding title to the North 315 feet of the property to the trustees of schools upon payment of compensation to Pytlik. Thereafter, the registrar, allegedly without notice to the plaintiff and without conducting a hearing, cancelled the plaintiff's certificate of title and issued two new certificates: one giving title to the North 315 feet of the property to the trustees of schools, the other giving title to the remaining two-thirds of the property to the plaintiff. The complaint alleges that the chief examiner of titles in the registrar's office has stated that the cancellation of the plaintiff's original certificate was in error. The plaintiff claimed to be the owner of the entire tract of land.

The defendant moved to dismiss the complaint because the plaintiff was without standing to bring the action since it did not own the entire parcel of land. Attached to the motion to dismiss were copies of (1) the judgment order entered in cause No. 65 L 21407; (2) government tax

exemption petition covering the north 315 feet of the parcel; (3) a map of the entire tract, and (4) an affidavit of the attorney for the plaintiffs in cause No. 65 L 21407 verifying the matters set forth in the motion to dismiss. No counteraffidavit was filed by the plaintiff. The record indicates that the petition for rezoning stated that a portion of the property was used for a school playground.

The trial court found that the judgment order in cause No. 65 L 21407 was *res judicata* with respect to the north 315 feet, and that the plaintiff was without standing to challenge the zoning status of the entire tract since it did not own all of the property. The trial court granted the motion to dismiss the complaint without prejudice to the plaintiff's right to file another petition with the village regarding the rezoning of the balance of the property which is, without question, owned by the plaintiff.

On appeal the plaintiff contends that the trial court erred in giving *res judicata* effect to the prior judgment order. It further contends that the dismissal of the complaint was error because of the failure to comply timely with section 1 of "An Act concerning constructive notice of condemnation proceedings * * *" (Ill. Rev. Stat. 1975, ch. 22, par. 53) and section 84 of the Torrens Act (Ill. Rev. Stat. 1975, ch. 30, par. 121). These sections require registration of condemnation proceedings and lis pendens with the registrar of titles, and such registration and a subsequent notation on the Torrens certificates is a prerequisite to imparting notice of purchasers of property that there has been a transfer of title pursuant to condemnation or that the land is subject to litigation.

■■ The plaintiff argues that the failure to comply with the registration requirements necessitates the conclusion that it owns the entire tract of land, including the North 315 feet, as indicated by its original certificate. Subsequent compliance, by registering the judgment order and lis pendens on February 10, 1975, and the cancellation of its certificate of title, should not defeat its claim to ownership of the north 315 feet because it had obtained the property and registered its title prior to any indication that the trustees of schools had an interest therein. The failure to register the judgment order and the lis pendens, or a delay in the registration, may result in a divestiture of ownership if the land is disposed of by the registered titleholder through sale to a bona fide purchaser. See *Echols v. Olsen* (1976), 63 Ill. 2d 270, 347 N.E.2d 720.

The plaintiff holds itself out as a bona fide purchaser of the entire parcel under the terms of the Torrens Act. The record, however, including the plaintiff's complaint, indicates that it is not the present registered owner of the north 315 feet. Remedies are available to the plaintiff to challenge the validity of the outstanding certificates covering this property. (Ill. Rev. Stat. 1975, ch. 30, par. 130 *et seq.*) However, the absence of the trustees of

schools and the registrar of titles as parties to this cause prevented the trial court from determining who owns the north 315 feet.

■■■ We believe that the trial court properly dismissed the complaint and that its decision should be affirmed. Standing to challenge the zoning ordinance requires the demonstration that the plaintiff has title to, or a possessory interest in, the whole of the property to which the challenge applies. In *Clark Oil & Refining Corp. v. City of Evanston* (1961), 23 Ill. 2d 48, 177 N.E.2d 191, the court held that the plaintiff did not have standing to maintain an action questioning the validity of a zoning ordinance since it was unable to show that it had title to, or a possessory interest in, the land. The only right that the plaintiff had with respect to the premises was the right to purchase the property for a stated sum during a stated period provided that the property was rezoned permitting it to be used for a gasoline service station. Likewise, the court stated in *Hazdra Homes, Inc. v. County of Du Page* (1975), 27 Ill. App. 3d 685, 690, 326 N.E.2d 561:

> "A suit to contest the validity of a zoning ordinance is subject to dismissal for lack of standing unless the party or parties who bring the suit can properly show at trial that they have title to, or a possessory interest in the *whole* of the premises involved. [Citation.]" (Emphasis added.)

In the instant case, the plaintiff has failed to show its undisputed title to the north 315 feet of the property involved here. Therefore, it lacks standing to bring this action. Under this situation, we believe it is unnecessary to discuss the *res judicata* issue.

For the reasons stated, the judgment of the Circuit Court of Cook County dismissing the complaint is affirmed.

Affirmed.

JIGANTI, P. J., and McNAMARA, J., concur.