(No. 35419.— ▮▮▮▮▮
TURN VEREIN LINCOLN, Appellant, *vs.* HERBERT C. PASCHEN, County Treasurer, *et al.,* Appellees.

*Opinion filed September 29, 1960—Rehearing denied Nov. 30, 1960.*

OWENS, OWENS & RINN, of Chicago, (JOHN E. OWENS, and VINCENT G. RINN, of counsel,) for appellant.

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRANCIS X. RILEY, and EDWARD J. HLADIS, Assistant State's Attorneys, of counsel,) for appellees.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

This case involves another effort by the plaintiff, Turn Verein Lincoln, to obtain a determination that its property is exempt from taxation on the ground that it is used exclusively for school purposes. In *Turnverein "Lincoln"* v. *Board of Appeals,* 358 Ill. 135, (1934), its claim for exemption on this ground was denied, and more recently, in *People ex rel. Brenza* v. *Turnverein Lincoln,* 8 Ill. 2d 198, (1956) a similar claim for exemption, involving taxes for the years 1939 through 1952, was rejected. In the case now before us, the superior court of Cook County dismissed a complaint which sought an injunction restraining the appropriate county officers from offering the plaintiff's property for sale for delinquent taxes for the years 1939 through 1955. Plaintiff has appealed.

The taxable status of the property for the years 1939 through 1952 was finally adjudicated by our decision in 8 Ill. 2d 198. But because "a cause of action for taxes for one year is not the same as or identical with a cause of action for taxes for subsequent years," (*People ex rel. Lloyd* v. *University of Illinois,* 357 Ill. 369, 372,) that decision is not

*res judicata* as to the status of the property during the years 1953 through 1955. As to those years the former judgment operates as an estoppel with respect to the issues that were actually raised and decided in the earlier case. *Oak Park Club* v. *Brenza,* 7 Ill. 2d 389; *Chicago Historical Society* v. *Paschen,* 9 Ill. 2d 378; *cf. People* v. *Levy Circulating Co.* 17 Ill. 2d 168.

It is not alleged in the present case that the activities of the plaintiff are different from those which were before us in 1956. Rather the plaintiff has grounded its present action upon what it regards a new issue, suggested by our opinion in *People ex rel. Brenza* v. *Turnverein Lincoln,* 8 Ill. 2d 198. There we held that the plaintiff's peripheral activities in the field of physical education did not bring it within the constitutional and statutory provisions relating to exemption from taxation. (Constn. art. IX, sec. 3; Ill. Rev. Stat. 1959, chap. 120, par. 500.1). We also stated: "This is consistent with the reasons usually advanced for exempting school property from taxation, expressed as follows in a recent Minnesota case: 'It seems clear from the foregoing that this constitutional tax exemption for private educational institutions was intended to extend only to those private institutions which provide at least some substantial part of the educational training which otherwise would be furnished by the various publicly supported schools, academies, colleges and seminaries of learning and which, to such extent, thereby lessen the tax burden imposed upon our citizens as the result of our public educational system.' (*State* v. *Northwestern Vocational Institute, Inc.* 232 Minn. 377, 45 N.W.2d 653, 655.) Here, the taxpayer does not contend that the instruction given at Turnverein lessens the burden of taxation necessary to support our government-financed and operated schools." 8 Ill. 2d at 202, 203.

The plaintiff has assumed that by the quoted language the court "clearly indicated that it was desirous of knowing whether the work of the Lincoln Turner School of Physical

Education is actually lessening the tax burden of Chicago and Cook County." Acting upon that assumption it instituted and prosecuted this action. No such indication was intended. The idea of correlation between a tax exempt status and a lessening of the general tax burden is not novel. The quoted language expressed the consistency of the result there reached with that idea. It did not suggest a new ground upon which tax exemption might be based. *Cf. Coyne Electrical School* v. *Paschen,* 12 Ill. 2d 387, 392.

The decree of the superior court was correct.

*Decree affirmed.*