89 Ill. App.3d 1005 (1980)
412 N.E.2d 198
THE PEOPLE ex rel. FRED H. TOMLIN, Sangamon County Treasurer, Applicant and Counterdefendant-Appellant,
v.
THE ILLINOIS STATE BAR ASSOCIATION, Respondent and Counterplaintiff-Appellee.
No. 15819.
Illinois Appellate Court  Fourth District.
Opinion filed October 23, 1980.
J. William Roberts, State's Attorney, of Springfield (Robert T. Lawley, Special Assistant State's Attorney, of counsel), for appellant.
Barber, Hall, Segatto & Hoffee, of Springfield (Bernard G. Segatto and Richard C. Edwards, of counsel), for appellee.
Affirmed in part and reversed in part.
Mr. JUSTICE TRAPP delivered the opinion of the court:
This appeal follows the trial court's determination that the headquarters real estate of the Association was exempt from real estate taxes for the year 1978 and from the injunction relief provided. As the judgment appealed was termed supplemental in nature, it is necessary to recite an extended course of proceedings.
On July 27, 1976, the Association filed a complaint for administrative review alleging that the local board of review had granted exempt status to the property as to taxes for the year 1975 but that on June 23, 1976, the Department of Local Government Affairs entered its order disapproving of the exemption. On August 12, 1976, the Department of Local Government Affairs, through the Attorney General, moved to dismiss the complaint for administrative review for the reason that the Administrative Review Act "does not apply to a decision of the Department of Local *1006 Government Affairs refusing to approve an exemption * * *." Subsequently, the complaint for administrative review was dismissed without prejudice upon the stipulation of the parties.
On October 1, 1976, the Association filed its objections to the application of the collector for judgment for 1975 taxes, alleging that it was exempt as a charitable organization from real estate taxes under the provisions of article IX, section 6, of the Illinois Constitution of 1970, and sections 19 and 19.7 of the Revenue Act of 1939 as amended (Ill. Rev. Stat. 1975, ch. 120, pars. 500, 500.7). The objections were also designated a counterclaim. Verified allegations stated that the Association was entirely a charitable organization and alleged 14 categories of educational and public service programs provided by the Association. Without separate designation as provided in section 33 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 33), the portion of the objections apparently intended as a counterclaim alleged a want of legal remedy and prayed an order enjoining the Collector from collecting the 1975 taxes at issue, or any future taxes levied upon the property. The answer of the Collector neither admitted nor denied the allegation of the charitable character of the Association but denied, without more, that the Association was entitled to relief.
On October 7, 1976, the Association filed a motion for temporary injunction, attaching a copy of its verified tax objections and counterclaim. On October 14, 1976, a preliminary injunction was entered upon stipulation of the parties. On September 22, 1977, the Association filed its motion for summary judgment praying relief as set forth in its verified objections and counterclaim supported by the affidavit of the Association's agent stating the charitable nature and program of the Association as alleged in the objections and counterclaim. The Collector filed a motion to strike the affidavit for summary judgment asserting that the action was not within the class of action to which summary judgment was applicable, that the supporting affidavit did not allege facts admissible in evidence, and that there was a genuine issue of material fact as to whether or not the property was exempt. Without specifying, the motion also alleged that there was a failure to exhaust an administrative remedy, and that there was an adequate remedy at law. The Collector filed no affidavit or verified pleading traversing or denying the allegations of the affidavit in support of summary judgment. On December 1, 1977, the trial court entered its judgment upon the motion for summary judgment as to the Association's objections to the application for judgment for taxes and the counterclaim for injunction with findings based upon the affidavit filed that the Association was a charitable organization within the statutes, that there was no genuine issue of material fact, that the Association was entitled to judgment as a matter of law, that the real estate was actually *1007 and exclusively used for charitable purposes, and that the "real estate is now and at all times mentioned herein has been exempt from taxation" under the constitutional and statutory provisions cited.
The order thereupon denied the Collector's motion to strike the Collector's affidavit for summary judgment and granted the motion for summary judgment filed by the Association. The judgment further ordered that an injunction issue permanently enjoining the Collector, his successors and agents from collecting or selling the property for nonpayment of taxes for the years 1975 and 1976, and for "the nonpayment of taxes for any subsequent years so long as said property remains exempt." The order continued to provide "that any and all taxes extended against said property be abated, that said property be no longer assessed for taxes." There was no appeal from this decree.
On March 29, 1979, the Association filed a verified petition for supplemental injunction alleging the fact of the judgment of December 1, 1977, and the accompanying writ which enjoined the collection of taxes for 1975 and subsequent taxes so long as the real estate remained exempt. That petition also alleged that the judgment and writ were attached to a "Certificate of Status of Exempt Property" filed by the Association's representative on January 18, 1978, in the office of the supervisor of assessments and the clerk of the board of review and that the said supervisor of assessments and the members of the board of review had actual notice of the judgment and the injunction. The petition further alleged that the board of review was in violation of said injunction in attempting to assess taxes for 1978, and that the Collector threatened to collect such taxes or offer the property for sale. Again, alleging the want of adequate legal remedy, the petition prayed that the court enter an order directing the Collector to comply with the writ of injunction which enjoined the Collector from attempting to collect taxes "hereafter sought to be levied until further order of this Court, adjudging said attempted assessment to be null and void, * * *."
On April 11, 1979, the Collector filed a motion to dismiss the petition for supplemental injunction, alleging that the Association's taxes for the years 1975 and 1976 had been refunded, that at the time of the decree on December 1, 1977, the taxes for the year 1978 had not been assessed or billed to the Association, that the trial court had no jurisdiction to enjoin the collection of taxes which had not been the subject of objections and pleadings, and that the injunction had no force and effect as to the 1978 taxes payable in 1979.
On August 21, 1979, the Collector filed a petition to vacate and to set aside the injunction order of December 1, 1977, alleging that the trial court lacked jurisdiction to permanently enjoin the assessment and collection of taxes for years subsequent to 1975 and 1976, and that such *1008 subsequent taxes were not before the court and that, as a matter of law, that order should be vacated.
The Collector's notice of appeal alleges error in the denial of the Collector's motion to dismiss the petition for supplemental injunction, in striking his petition to vacate and set aside the permanent injunction against collecting real estate taxes subsequent to the year 1976, and the denial of his motion for rehearing.
The judgment dated August 29, 1979, and termed a supplemental injunction, contained provisions not included in the notice of appeal. It ordered the Collector "to comply with said writ of injunction," and further decreed that "Said pretended assessment for 1978 and pretended real estate taxes for 1978 are hereby declared null and void."
The issues framed by the parties are whether the circuit court can properly enjoin the collection of taxes for future years and whether the trial court erred in denying his motion to vacate the injunction when an adequate remedy at law was available. While agreeing that the Department of Local Government Affairs had moved to dismiss the Association's initial complaint for administrative review by reason of the opinion in American College of Surgeons v. Korzen (1967), 36 Ill.2d 340, 224 N.E.2d 7, which had held that the matter of exemption of real estate was not the subject of administrative review, he urges, however, that the opinion in Christian Action Ministry v. Department of Local Government Affairs (1978), 74 Ill.2d 51, 383 N.E.2d 958, had overruled American College of Surgeons and effectively eliminated injunctive relief as a remedy, and that the effect of the latter opinion was to require relief by administrative review of final orders of the Department concerning exemption.
The Association argues that the Collector concedes that the trial court had jurisdiction to enjoin the collection of the real estate taxes for the years 1975, 1976, and for as long as property of the Association remained exempt. It urges that it should not be required to relitigate the issue of exemption each year unless the substantive law pertaining to a qualified exemption use was changed or the use constituting an exempt status no longer prevailed. It also argues that the trial court's judgment order of August 29, 1979, found that the real estate remained exempt as a charitable use within the statute and that the "pretended assessment for 1978 and the pretended real estate taxes for 1978 are hereby declared to be null and void."
Section 19 of the Revenue Act of 1939 creates the status of exemption, and section 19.7 defines the requirements to qualify as a charitable institution. (Ill. Rev. Stat. 1977, ch. 120, pars. 500, 500.7.) Section 108(6) of the Act (Ill. Rev. Stat. 1977, ch. 120, par. 589(6)) provides that the board of review shall hear and determine an application for exemption from taxation. It continues:

*1009 "If the board shall determine that any such property is not liable to taxation and the question as to the liability of such property to taxation has not previously been judicially determined, the decision of the board shall not be final unless approved by the Department [of Local Government Affairs]; * * *. But if the Department is satisfied that such property is liable to taxation, it shall advise the board of its objections to such decision and the assessment upon such property shall not be removed from the assessment list, but the persons making application for such exemption may offer the claim of exemption as a defense in any judicial proceeding for the collection of taxes on such assessment, and, whenever such defense if offered, the question of exemption shall be determined by the judgment or order of the court."
Section 109a (Ill. Rev. Stat. 1977, ch. 120, par. 590.1) provides:
"If a final decision of a Board of Review may be the subject of an appeal to the Property Tax Appeal Board, as provided in Sections 111.1 through 111.5 of this Act, written notice of its decision shall be given by the board of review to the taxpayer affected * * *. Such written notice shall also contain the following statement: `You may appeal this decision to the Property Tax Appeal Board by filing a petition for review with the Property Tax Appeal Board within 30 days after this notice is mailed to you or your agent, or is personally served upon you or your agent.'"
Section 111.1 (Ill. Rev. Stat. 1977, ch. 120, par. 592.1) creates the Property Tax Appeal Board within the Department of Local Governmental Affairs and provides that any taxpayer dissatisfied with a decision of a board of review "may, within 30 days after the date of written notice of the decision of the board of review, appeal such decision to the Property Tax Appeal Board for review." Such appeal is by petition stating the facts upon which the objection is based.
Section 138 of the Act (Ill. Rev. Stat. 1977, ch. 120, par. 619) provides that the circuit court in which the property is assessed "shall have the power to review all final administrative decisions of the Department in administering this Act."
The legal propriety of injunctive relief as to a taxpayer claiming exemption of property has evolved with comparative celerity. In Owens-Illinois Glass Co. v. McKibbin (1943), 385 Ill. 245, 52 N.E.2d 177, the department of finance issued a ruling that certain products of Owens were subject to the Retailers' Occupation Tax Act. Upon issuance of such ruling, Owens procured an injunction and the department urged that there were adequate legal remedies, including payment under protest, so that the injunction should not issue. The opinion states that in Illinois historic precedent was that an action to enjoin the collection of taxes *1010 assessed without authority of law, or upon exempt property, constituted an exception to the rule that equity would not intervene where there was an adequate remedy at law. It, therefore, held that the provision of legal remedies by statute did not prevent the enjoining of a tax found to be unauthorized.
In American College of Surgeons v. Korzen (1967), 36 Ill.2d 340, 224 N.E.2d 7, a claim of charitable exemption was disapproved by the department of revenue and the college procured an injunction. The department contended that administrative review of its order was the exclusive remedy. That opinion concluded that the legislature intended administrative review to be limited to the original assessment of real estate and followed the rule of Owens that equity will enjoin collection of a tax levied upon exempt property.
In Illinois Institute of Technology v. Skinner (1971), 49 Ill.2d 59, 273 N.E.2d 371, the board of review denied an application for exemption as to taxes for the year 1967. The taxpayer then procured an injunction as to the collection of taxes for 1967 and the following years. The supreme court held that the statutory administrative remedy was cumulative and that as to the 1967 taxes, the taxpayer had invoked an administrative remedy through the board of review, and that such must be pursued. It was held that the taxpayer, having sought relief through the application to the board of review, upon denial it could not abandon such administrative remedy and seek an injunction. The injunction was reversed as to the year 1967, but affirmed as to the succeeding years. See also Calderwood Corp. v. Mahin (1974), 57 Ill.2d 216, 311 N.E.2d 691.
The further development of the court's view with regard to judicial review of exempt status is found in Christian Action Ministry v. Department of Local Government Affairs (1978), 74 Ill.2d 51, 383 N.E.2d 958. The department denied an exempt status. Upon administrative review, the circuit court reversed. As it did in the Association's initial complaint for judicial review in this case, the Department moved to dismiss that complaint upon the contention that the circuit court had no jurisdiction of the Department's order on judicial review. The Department's motion was urged upon the authority of American College of Surgeons v. Korzen (1967), 36 Ill.2d 340, 224 N.E.2d 7.
The supreme court held that the circuit court did have jurisdiction to exercise administrative review of the Department's denial of exempt status. The opinion overruled that of American College of Surgeons, saying:
"Korzen must be overruled because the legislature intended the Administrative Review Act to encompass all final decisions of the Department of Local Government Affairs [citation], including, we believe, exemptions. Questions about the propriety of an exemption *1011 or denial of exemption clearly lend themselves to meaningful judicial review." 74 Ill.2d 51, 59, 383 N.E.2d 958, 962.
While the opinion in Christian Action Ministry had not been filed at the time the Association obtained the judgment of December 1, 1977, the same rule with regard to exemptions had been effectively stated in Illinois Bell Telephone Co. v. Allphin (1975), 60 Ill.2d 350, 326 N.E.2d 737. In Bell, the department had issued a ruling of message tax liability upon items for which Bell claimed an exemption. The trial court enjoined the issuance of the department's final assessment and tolled the period during which Bell could have sought administrative hearing which might thereafter support administrative review in the circuit court. The Bell opinion effectively overruled the holding of Owens-Illinois Glass Co., which authorized an injunction as to taxes imposed on exempt property. The Bell opinion noted the provisions of section 2 of the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 265) as governing the final decision of an administrative agency, and the language of the Act:
"In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof." Ill. Rev. Stat. 1977, ch. 110, par. 265.
The court continued:
"Accordingly, we hold that as to those situations covered by the Administrative Review Act, the Owens exceptions are no longer applicable. We believe this ruling to be a logical extension of the exhaustion doctrine in furtherance of the legislative goals evidenced by the adoption of the Administrative Review Act." 60 Ill.2d 350, 359, 326 N.E.2d 737, 742.
 1 Upon such authority we must conclude the issuance of the injunction provided in the order of December 1, 1977, was erroneous. There was, however, no appeal, and the Collector does not seek to collect the taxes for the years 1975 and 1976.
The Association urges that as the ownership of the property and the program and use by the Association remain the same, the latter should not be required to litigate the issue of its exemption annually. While the argument appears sensible and reasonable, the statute and the case law do not accept such rationale.
 2 Section 19 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 500) requires that the owner of exempt property file a certificate annually stating whether or not there has been a change in ownership or use of the property. In Turn Verein Lincoln v. Paschen (1960), 20 Ill.2d 229, 170 N.E.2d 111, the issue was whether the property was exempt from taxation. Such claim of exemption had been presented on prior occasions. The supreme court adopted the statement of the opinion in People ex rel. *1012 Lloyd v. University of Illinois (1934), 357 Ill. 369, 372, 192 N.E.2d 243, 245, saying:
"But because `a cause of action for taxes for one year is not the same as or identical with a cause of action for taxes for subsequent years,' (People ex rel. Lloyd v. University of Illinois, 357 Ill. 369, 372,) that decision is not res judicata as to the status of the property during the years 1953 through 1955. As to those years the former judgment operates as an estoppel with respect to the issues that were actually raised and decided in the earlier case." (20 Ill.2d 229, 230-31, 170 N.E.2d 111, 112.)
Such rule was followed in Hopedale Medical Foundation v. Tazewell County Collector (1978), 59 Ill. App.3d 816, 375 N.E.2d 1379. With such precedent, we must conclude that the trial court erred in its order restraining the collection of taxes for the years subsequent to 1975 and 1976.
We have noted that the opinion in Illinois Institute of Technology v. Skinner (1971), 49 Ill.2d 59, 273 N.E.2d 371, affirmed an injunction as to property found exempt for the year 1968 and subsequent years. So far as can be ascertained from the latter opinion the issue of res judicata and the rule that there was a separate cause of action as to taxes for each was neither presented nor considered.
In Uretsky v. Baschen (1977), 47 Ill. App.3d 169, 361 N.E.2d 875, the court rejected the argument that the remedy at law was inadequate because of the necessity of pursuing the legal remedy provided in each year.
Insofar as the judgment of August 29, 1979, required the Collector to comply with the injunction of December 1, 1977, enjoining the collection of "any subsequent taxes while the property remains exempt," the judgment is erroneous and must be reversed under the rule of Turn Verein Lincoln that each annual tax is a new cause of action.
The argument of the Collector that the Association has an adequate legal remedy in the matter of the taxes for 1978 is not supported by the record. The judgment of August 29, 1979, is founded upon the verified petition of the Association dated March 29, 1979, alleging that its certificate of status of exempt property was filed with the supervisor of assessments and the board of review as required by section 19 of the Review Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 500). In addition to alleging that the ownership and use of the property had not changed, such verified petition alleged that without notice the board of review had attempted to assess taxes for the year 1978, and that the Collector had threatened to collect those taxes. The Collector's motion to dismiss is deemed to admit such allegation. Illinois Bell Telephone Co. v. Allphin (1975), 60 Ill.2d 350, 326 N.E.2d 737.
*1013 It is reasonable to conclude that the action of the board of review upon such annual certificate of status of exempt property should be, and must be, the same as its consideration and action upon the initial application for exempt status as provided in section 108(6) of the Act. Ill. Rev. Stat. 1977, ch. 120, par. 589(6).
As noted, section 109a of the Act (Ill. Rev. Stat. 1977, ch. 120, par. 590.1) provides that if a final decision of the board of review may be the subject of appeal to the property tax appeal board, written notice of its decision shall be given by the board of review to the taxpayer affected. Section 111.1 of the Act (Ill. Rev. Stat. 1977, ch. 120, par. 592.1) provides that a taxpayer may appeal to the property tax appeal board within 30 days after receiving such written notice of the decision of the board of review.
In the absence of written notice of the decision of the board of review upon the certificate of status of exempt property, there was no final decision of the board of review which was, or would be, the subject of petition to the property tax appeal board, and the Association was effectively barred from the remedy provided in section 111.1 of the Act. Ill. Rev. Stat. 1977, ch. 120, par. 590.1.
Upon the issue of the tax exempt status of the Association with regard to taxes assessed for the year 1978, there is no final administrative decision of the property tax appeal board which could be made the subject of administrative review. Such fact does not arise from the default of the Association in presenting its claims of continued exempt status. Within the substance of Bell and Christian Action Ministry it cannot be said that administrative review is available, or that the use of equity upon such circumstances was improper.
The judgment of August 29, 1979, is affirmed insofar as it holds that the taxes purportedly assessed for the year 1978 are null and void. That judgment is reversed insofar as it purports by reference to the decree of December 1, 1977, to enjoin the assessment and collection of taxes for the years subsequent to the 1978 taxes.
Affirmed in part; reversed in part.
GREEN and WEBBER, JJ., concur.