THE VILLAGE OF MUNDELEIN, Plaintiff-Appellee, *v.* ANNETTE OLLIVIER, Defendant-Appellant.

Second District    No. 80-147

Opinion filed February 10, 1981.—Rehearing denied March 20, 1981.

Charles L. Ollivier, of Lake Bluff, for appellant.

William G. Rosing and Stephen G. Applehans, both of Rosing, Carlson & Magee, Ltd., of Waukegan, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Annette Ollivier, was found guilty of failing to display a city vehicle sticker in violation of the Mundelein Village Code and fined $15 plus costs.

On appeal, she first contends that Mundelein Ordinance 1.24.040 violates section 1—2—9 of the Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 1—2—9) in that the village of Mundelein was without authority to issue a "Notice of Ordinance Violation" with the command to appear at the police station to plead guilty or to post bond and set a court date in lieu of a summons or complaint.

We do not reach the question of the validity of Mundelein Ordinance 1.24.040 because our examination of the ticket entitled "Notice of Ordinance Violation", which is in question in this case, discloses that it is just that, a notice, and no more.

On October 5, 1979, a village police officer placed a ticket entitled

"Notice of Ordinance Violation," on the windshield of defendant's automobile as it was parked behind an apartment complex in the village of Mundelein. The ticket cited defendant with "Failure to Display Valid Vehicle Tag" but failed to identify the section of the village code allegedly violated. It also indicated that the amount of the violation was $25 and that it was to be paid within 10 days from the date of issuance, and it provided a place for the defendant to plead guilty to the violation named above and to waive trial and court hearing. It also contained the following language:

"BEFORE DUE DATE
—YOU MAY—
1. Mail or pay in person the amount specified at the Mundelein Police Department, 200 N. Seymour Ave., Mundelein, Ill 60060.
2. Appear in person at the Mundelein Police Department and request a court date."

Another notice, entitled "Notice of Ordinance Violation Second Notice," was furnished to the defendant. This notice was almost identical to the first except that it stated that the violation had to be paid before October 26, 1979, and added the following language to the above quoted section:

"Failure to comply may result in a warrant being issued for your arrest."

■■ Contrary to the defendant's assertions, the "Notice of Ordinance Violation" does not command the defendant to do anything. Rather, it advised her of actions which she might take and, also, that if she chose to take no action, the village might take court action against her. Such notice of violation is not the commencement of court action for violation of a village ordinance and is not in contravention of the provisions of section 1—2—9 of the Municipal Code. Ill. Rev. Stat. 1979, ch. 24, par. 1—2—9.

Nothing in section 1—2—9 of the Municipal Code precludes the village from utilizing procedures for collecting fines and penalties in lieu of court action. Section 1—2—1 of the Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 1—2—1) expressly authorizes municipalities to establish any procedures necessary to carry into effect the powers granted to it. Section 8—11—4 of the Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 8—11—4) and section 2—121 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 2—121) authorize municipalities to impose vehicle license fees. The "Notice of Ordinance Violation" issued in this case has been correctly characterized by the village as an administrative procedure used by many units of local government to collect fines and penalties without resort to judicial process, and we reiterate it is not the commencement of court action for the violation of a municipal ordinance.

Defendant in this matter chose to plead not guilty in response to the "Notice of Ordinance Violation" and was thereupon personally served with a nontraffic complaint and notice to appear on January 15, 1980. It was the personal service of the nontraffic complaint and notice to appear which constituted the first court process in this matter, and it was fully in compliance with section 1—2—9 of the Municipal Code. This document identified the offense of which defendant was charged by name and statutory citation, and a hearing was set for February 5. At the hearing the village presented evidence that the automobile ticketed was, in fact, without a sticker and was registered to defendant at an address within the municipal boundaries of Mundelein. Defendant presented no evidence but moved to dismiss the complaint on the grounds that the proceedings were conducted in violation of certain State and local laws. The trial judge properly denied the motion and found the defendant guilty.

In her reply brief, the defendant contends that the village is estopped from denying that formal court action commenced with the issuance of the "Notice of Ordinance Violation" since that issue had been resolved in a Federal court action between the same parties. That issue was not resolved in the Federal court action. In Ollivier v. Arthur Glitz, Officer Baranowski, John Doe, and the Village of Mundelein (No. 79 C 4280, N.D. Ill. 1980) (mem.), the defendant and her husband filed a complaint seeking declaratory and injunctive relief contending that notices of ordinance violations which charged them with failure to display valid vehicle tags had been issued after unconstitutional searches of their property, resulting in a deprivation of their rights guaranteed by the fourth and eighth amendments to the United States Constitution, and requesting that the court declare the ordinances unconstitutional. The Federal court noted that notice of ordinance violations had been issued and that the notice itself stated that plaintiffs might pay the fine or request a court date. Since the plaintiffs had not yet paid their fines, the Federal court reasoned that State court proceedings would be available to them in which they could assert their claims. Thereupon, the Federal court dismissed the defendant's complaint.

■■ The doctrine of estoppel by verdict applies only when the same issue has been adjudicated in a former suit between the same parties. (*Consolidated Distilled Products, Inc. v. Allphin* (1978), 73 Ill. 2d 19, 26.) It is evident from our review of the Federal court's decision in question that it did not adjudicate any issue pending between the parties in this matter. Rather, the Federal court abstained from exercising its jurisdiction on the grounds that plaintiffs (defendant here) could raise their constitutional issues in a State court proceeding. Defendant did not raise, or attempt to raise, any constitutional issues before the trial court in this cause nor have they raised such issues on appeal. The contention that the village is

estopped from denying that formal court action commenced in this case with the issuance of the "Notice of Ordinance Violation" is without merit.

Defendant also contends that the conviction must be reversed because the "Notice of Ordinance Violation" failed to specify the section of the village code allegedly violated. Defendant correctly points out that sections 1.24.040 and 1.24.050 of the Mundelein Village Code require that the offense be identified by statutory citation and that the "Notice of Ordinance Violation" in this case did not comply with those provisions. This defect, however, does not in any way impair the validity of the judgment rendered by the circuit court, since the complaint and summons identified the offense both by name and citation. As indicated earlier, the "Notice of Ordinance Violation" is not the initiation of court process; court process was initiated by the personal service of the nontraffic complaint and notice to appear.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

NASH and UNVERZAGT, JJ., concur.